Citation Nr: 1829590 
Decision Date: 06/21/18 Archive Date: 07/02/18

DOCKET NO. 09-09 052 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss. 

2. Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities prior to February 2, 2010.


REPRESENTATION

Veteran represented by: James G. Fausone, Attorney 


ATTORNEY FOR THE BOARD

P. E. Metzner, Associate Counsel




INTRODUCTION

The Veteran served on active duty from April 1966 to January 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan.

In October 2015 and November 2017, the case was remanded for additional development.

Additionally, the record shows two rating decisions were rendered in April 2016 regarding the evaluations of diabetic retinopathy, diabetes mellitus type II, right lower extremity peripheral neuropathy, and left lower extremity peripheral neuropathy. In April 2017, the Veteran filed two timely corresponding notices of disagreement (NODs) as to those issues. He has not yet been issued a statement of the case (SOC). Ordinarily, the claim would be remanded for the issuance of an SOC pursuant to Manlincon v. West, 12 Vet. App. 238 (1999). However, it appears the RO has acknowledged the Veteran's NOD and additional action is pending. See April 2017 notice letters to Veteran (acknowledging the receipt of his April 2017 NODs). Therefore, this situation is distinguishable from Manlincon, where an NOD had not been recognized, and remand is not necessary at this time.

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

The Veteran was afforded a VA audiological examination in March 2008 and April 2016 and a VA addendum opinion in January 2018. In each case, the VA examiner rendered a negative etiological opinion with respect to bilateral hearing loss and, in so doing, cited to and relied on the December 1968 separation examination audiometric results. Significantly, the December 1968 separation examination indicated that the audiometric results were reported in standards set forth by the American Standards Association (ASA). This highly relevant fact appears to have gone unnoticed by the VA examiners. The Board emphasizes that a correct evaluation of the audiometric findings requires that the ASA standards be converted to International Standards Organization - American National Standards Institute (ISO-ANSI) standards. Nevertheless, the VA examiners did not convert the December 1968 ASA reported audiometric results to ISO-ANSI standards. Accordingly, the Board finds that remand is warranted for a new VA examination. 

The consideration of entitlement to a TDIU prior to February 2, 2010 is dependent upon the impact of the Veteran's service-connected disabilities on his ability to obtain or retain substantially gainful employment. The matter of a TDIU is thus inextricably intertwined with the Veteran's claim for service connection for bilateral hearing loss remanded herein. Harris v. Derwinski, 1 Vet. App. 180 (1991). Remand of the inextricably intertwined TDIU claim is therefore required.

Accordingly, the case is REMANDED for the following actions:

1. Obtain a VA examination and opinion from an appropriate examiner to determine the nature and etiology of the Veteran's bilateral hearing loss. The claims folder (including a copy of this remand) must be provided to and reviewed by the examiner as part of the examination. All indicated tests should be accomplished and all clinical findings reported in detail. 

The examiner must provide an opinion as to whether it is at least as likely as not (i.e., 50 percent probability or greater) that the Veteran's bilateral hearing loss had its onset in or is otherwise related to active duty service.

In rendering the above opinion, the examiner must specifically consider and discuss the December 1968 separation examination audiometric results after he/she has converted the audiometric results from ASA to ISO-ANSI standards. 

The examiner must also consider and discuss:

a) the Veteran's March 2008 reports that his hearing loss became significant 2 to 3 years ago; but, he believes the initial problem began during military service (See March 2008 VA Medical Center records),
b) the September 2002 audiogram from ENT Specialists, PC, and
c) the July 2002 audiogram from Michigan Family Physicians, PC. 

The examiner is advised that the Veteran is competent to report his symptoms and history and such reports must be acknowledged and considered in formulating any opinion. The examiner must provide a rationale for all opinions offered. If the examiner feels that the requested opinion cannot be rendered without resorting to speculation, he/she should state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts), by a deficiency in the record (i.e. additional facts are required), or by the examiner himself/herself (because he/she does not have the needed knowledge or training).

2. After completing all indicated development, readjudicate the claim on appeal. If the claim remains denied, the Veteran and his attorney should be furnished a Supplemental Statement of the Case and provided with the appropriate opportunity to respond. Thereafter, the appeal must be returned to the Board for appellate review.
The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
A. ISHIZAWAR
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).